TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CLAIRE E. KELLY (Cal. Bar No. 306086)
KEVIN J. BUTLER (Cal. Bar No. 329129)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3868
                (213) 894-6495
     Facsimile: (213) 894-3713
     E-mail:    claire.kelly@usdoj.gov
                kevin.butler2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-550-RGK |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT CHRISTOPHER LEONARD WRIGHT |
| v. | |
| CHRISTOPHER LEONARD WRIGHT, | Hearing Date: January 31, 2022 |
| Defendant. | Hearing Time: 1:30 p.m. |
| | Location:    Courtroom of the Hon. R. Gary Klausner |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Claire E. Kelly and Kevin J. Butler, hereby files its sentencing position as to defendant CHRISTOPHER LEONARD WRIGHT.

///

///

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 14, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

     /s/
CLAIRE E. KELLY
KEVIN J. BUTLER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   BACKGROUND AND STATEMENT OF FACTS**

In 2020, CHRISTOPHER LEONARD WRIGHT ("defendant") sent anonymous text messages to victim "B.T." demanding that she pay $8,000 within 48 hours or defendant would publicly release a sexually explicit video depicting B.T. and defendant.  (Plea Agreement, Dkt. 42 at 7.) Defendant said he would tag B.T.'s family and friends on social media when he posted the video.  (Id.)  Defendant warned B.T. that he was watching her and would release the video if B.T. called the police. (Id.)  The text messages included a screenshot from the sexually explicit video.  (Id.)

This was not the first time defendant victimized B.T., attempted to obtain money from her, and used sex tapes against her.  In 2017, defendant created and controlled a Facebook account purporting to be a prominent NFL player, "P.P.," without P.P.'s knowledge or permission.  (Id.)  Using the fraudulent Facebook account and posing as P.P., defendant defrauded B.T. of approximately $34,141.  (Id. at 42.)  Defendant convinced B.T. to send defendant the money by claiming that P.P. was going through a divorce and needed money. (Id.)  Also in 2017, defendant attempted to cause B.T. to send defendant an additional $12,000; defendant claimed that B.T. needed to send him the $12,000 to give to P.P.'s wife, to prevent the wife from releasing sex tapes that B.T. had made with defendant and that the wife had discovered.  (Id.)  Defendant had convinced B.T. to make the sex tapes under false pretenses.  (Id.)

Defendant entered a guilty plea to one count of transmitting threatening communications with intent to extort, in violation of 18 U.S.C. § 875(d).  (Id.)  In his plea agreement, defendant agreed to

make full restitution to the victim in the amount of $34,141. (Id. at 5.)

On December 27, 2021, United States Probation Office ("USPO") disclosed its Presentence Investigation Report ("PSR"). The USPO calculated a base offense level of 9 pursuant to U.S.S.G. § 2B3.3(a). (PSR ¶ 26.) The USPO applied a two-level increase for loss amount. (Id. ¶ 29.) Finally, the USPO applied a two-level reduction for acceptance of responsibility, to arrive at a total offense level of 9. (Id. ¶¶ 35-36.) The USPO determined that defendant has a criminal history score of four, resulting in Criminal History Category III. (Id. ¶ 54.) As a result, defendant's guidelines range is 8 to 14 months' custody. (Id. ¶¶ 135.) The USPO did not identify any factors that would warrant a departure from the applicable Sentencing Guidelines, or a recommendation for a variance outside the advisory guideline system. (Id. ¶¶ 147-148.) The government concurs with the USPO's calculations.

**II. ARGUMENT**

In light of the sentencing factors enumerated in 18 U.S.C. § 3553(a), the government recommends a 14-month sentence followed by a one-year term of supervised release, restitution in the amount of $34,141, and a mandatory special assessment of $100. This guidelines sentence is appropriate in light of the nature of defendant's offense, his other conduct and criminal history, and the mitigating factors in this case.

**A. The Nature and Circumstances of the Offense Warrant a High-End Guidelines Sentence of 14 Months**

The nature and circumstances of the offense necessitate a significant custodial sentence at the high end of the guidelines

2

range. Defendant used extremely personal and sensitive information to threaten and extort the victim for financial gain. He threatened to publicly release a video depicting the victim having sex and "tag" her friends and family when he did so, which would have ensured that the people closest to the victim saw the video. Defendant sought to enrich himself by leveraging the psychological, reputational and professional harm that could ensue if he publicly posted the sex video and notified the victim's family and friends. In addition to causing devastating psychological harm, the nonconsensual posting of sexual videos can be ruinous for victims' professional lives. See Danielle Keats Citron and Mary Anne Franks, Criminalizing Revenge Porn, 49 Wake Forest L. Rev. 345, 352 (2014), available at https://www.westlaw.com/Document/I0765856b067911e498db8b09b4f043e0/View/FullText.html?transitionType=Default&contextData=(sc.Default)&VR=3.0&RS=cblt1.0. Victims also face challenges in convincing websites to take down the sexual images and videos. Id. at 658-59. And once the images and videos are released, they can be circulated throughout the Internet uncontrolled. See id. at 360.

Adding to the seriousness of the offense, defendant targeted a woman, B.T., whom he had previously victimized by defrauding her of over $34,000. In that case, defendant posed as a prominent athlete who was suffering financially in order to convince B.T. to send him money. And, as in the instant case, defendant tried to use sex tapes depicting B.T. to get even more money; he pretended that B.T. needed to pay defendant in order to prevent the release of the sex tapes by the athlete's wife. Defendant admitted in his plea agreement that he had convinced B.T. to make the sex tapes with defendant under false pretenses.

3

The requested 14-month sentence is necessary to reflect the seriousness of defendant's offense and the harm he caused to the victim through his extortionate threats, as well as to provide just punishment for the offense.

**B.     Defendant's History and Characteristics Support a 14-Month Sentence**

Defendant's history demonstrates a lack of respect for the law that also supports the requested sentence.  Defendant sustained a felony conviction for grand theft, for which probation was revoked on two occasions, evidence of his failure to comply with court orders.  (PSR ¶ 45.)  Defendant also sustained ten convictions for driving without a license or driving while his license was suspended.  (Id. ¶¶ 41, 45-53.)  Despite receiving jail time, fines, and/or probation for these violations, defendant continued to drive without a valid license.  (See id.)  He also failed to appear for court appearances.  (Id. ¶¶ 52-53.)

Additionally, the PSR notes that A.H., the mother of defendant's children, filed for two protective injunctions against defendant in connection with domestic violence and stalking in 2018.  (Id. ¶ 94 fn. 4.)  Temporary injunctions were issued but later dismissed for A.H.'s failure to appear.  (Id.)  Notably, A.H. alleged in one of the applications for an injunction that defendant claimed to have received nude images of A.H. from an unknown person who threatened to publicly release them.  (Id.)  A.H. also alleged that defendant created fake social media pages about her, "posting horrible things." (Id.)  The similarities between these allegations and defendant's offenses against B.T. are striking.  If A.H.'s allegations are true, this would be the third instance of defendant weaponizing social

4

1  media and sexually explicit media against someone, as he did to B.T.
2  in 2017 and 2020.  Defendant's history makes clear that the
3  recommended 14-month sentence is needed to promote respect for the
4  law and to deter further criminal conduct by defendant.
5      The proposed sentence is also appropriate despite the mitigating
6  factors in this case.  As noted in the PSR, defendant had a difficult
7  and abusive childhood, which led to mental health issues in
8  childhood.  (See PSR ¶¶ 81-90.)  But despite these challenges,
9  defendant "was determined not to be a product of [his] environment,"
10 obtained his GED, was the first in his family to attend college, and
11 obtained an associate's degree.  (Id. ¶ 92-93, 113.)  Defendant has a
12 history of stable employment prior to and since committing the
13 offense conduct.  (See id. ¶¶ 110, 120-127.)
14     Defendant's history shows that he has the ability and drive to
15 earn a living through lawful employment; he even formed his own LLC.
16 (Id. ¶ 120).  Yet defendant instead chose to enrich himself by
17 victimizing B.T. through extortionate threats and fraud on multiple
18 occasions.  He sought quick cash at the expense of B.T., whom he knew
19 would be humiliated and traumatized if the sexually explicit video
20 was released to the public.  A sentence at the high-end of the
21 guidelines is warranted in light of defendant's conduct.
22 **III. CONCLUSION**
23     For the foregoing reasons, the government respectfully requests
24 that this Court sentence defendant to 14 months' imprisonment, one
25 year of supervised release, restitution in the amount of $34,141, and
26 payment of the $100 special assessment.  In light of the
27 circumstances of this case and defendant's history and
28 characteristics, this sentence is sufficient, but not greater than

necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).